UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-10032-CV-MOORE
(CASE NO. 18-10010-CR-MOORE)
MAGISTRATE JUDGE REID

LEIMER PEREZ CASTRO,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

# REPORT OF MAGISTRATE JUDGE
# RE MOTION TO VACATE - 28 U.S.C. § 2255

## I. Introduction

Movant, **Leimer Perez Castro,** has filed a *pro se* Amended Motion to Vacate pursuant to 28 U.S.C. § 2255, attacking the constitutionality of his conviction and sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to United States jurisdiction, entered following a guilty plea in **Case No. 18-10010-CR-**Moore. [ECF No. 30]. For the reasons explained in detail below, he is not entitled to relief.

## II. Claims

Construing the Amended Motion liberally, *see Haines v. Kerner,* 404 U.S. 519, 520-21 (1972) (*per curiam*), Movant raises the following two grounds for relief:

    1.    His attorney was ineffective for failing to: (a) move to suppress the "field test" which came back positive for drugs, and, (b) object to the quantity of drugs attributable to him at sentencing. [CV ECF No. 30 at 5, CV ECF No. 31 at 5].

    2.    His attorney was ineffective for: (a) failing to object to the delay in the presentment of his initial appearance; and, (b) for allowing Movant to admit he was the master/captain of the vessel. [CV ECF No. 30 at 6; CV ECF No. 31 at 8].

### III. Procedural Background

### A. Indictment Through Change of Plea Proceedings

1. Indictment & Plea Agreement

Movant and two co-conspirators, Kevis Jose Ramos ("Ramos") and David Albornoz Moreno ("Moreno") were indicted for conspiracy to possess with intent to distribute five kilograms or more of cocaine, while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), (b), and 21 U.S.C. § 960(b)(1)(B) (Count 1), and possession with intent to distribute five kilograms or more of cocaine, in violation of 46 U.S.C. § 70503(a)(1), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B) (Count 2). [CR ECF No. 9].

Pursuant to the terms of a negotiated written plea agreement, Movant agreed to plead guilty to Count 1, and the Government agreed to dismiss Count 2 after sentencing. [CR ECF 25 at 1 at ¶¶ 1-2]. In the plea agreement, Movant and the Government agreed, although not binding on the Court or probation office, to jointly recommend that: (1) pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(a) and (c), that Movant is accountable for 1,120 kilograms of cocaine; and, (2) pursuant to USSG § 2D1.1(b)(3)(C), the Government would seek a two-level increase to the base offense level because Movant had acted as a pilot, copilot, captain, or navigator a vessel carrying a controlled substance. [*Id.* at 4, at ¶ 8(a)-(b)]. Although the Indictment charged a violation of Title 46, which is ineligible for relief under USSG § 5C1.2, the Government nonetheless agreed to recommend that Movant receive an additional two-level reduction to his base offense level under USSG § 2D1.1(b)(17), based on his role in the offenses. [*Id.* at 5, ¶ 9(a)-(e)].

In the plea agreement Movant acknowledged that he faced a mandatory minimum of ten years of imprisonment and up to a lifetime term of imprisonment, to be followed by a term of supervised release. [*Id.* at 2 at ¶ 4]. The Government also agreed to recommend up to a three-level reduction to Movant's applicable base offense level under the advisory sentencing guidelines based on his timely acceptance of responsibility. [*Id.* at 3 at ¶ 7]. Movant acknowledged that the Court was not bound by and could depart from the advisory guideline range as contained in the PSI, that the Court could tailor the ultimate sentence imposed by considering other factors, and could impose any sentence within and up to the statutory maximum authorized by law for the offense of conviction. [*Id.* 1-2, 5 at ¶¶3, 10].

2. Stipulated Factual Proffer

Movant executed a stipulated Factual Proffer in which he agreed that the Government could prove, beyond a reasonable doubt, that on March 3, 2018, while on patrol in the Eastern Pacific Ocean, a Maritime Pacific Aircraft ("MP Aircraft") gained visual of a Low Profile Vessel ("LP Vessel"). [CR ECF No. 26 at 1]. The LP Vessel was approximately 360 nautical miles south of Guatemala, in international waters and on the high seas. [*Id.*]. The United States Coast Guard Cutter ("USCGC") *BERTHOLF* was ninety-five nautical miles northeast of the LP Vessel and diverted to investigate. [*Id.*].

Once the *BERTHOLF* was twenty-two miles away from the LP Vessel, it sought and obtained a Statement of No Objection to conduct a Right of Visit. [*Id.*]. As a result, the *BERTHOLF* launched their helicopter and a smaller vessel--a Long Range Interceptor ("LR Interceptor"). [*Id.*]. The U.S. Coast Guard was able to gain control of the LP Vessel without use of force. [*Id.*]. The LP Vessel did not display a vessel name, identification number, homeport, or any indicia of nationality. [*Id.* at 2].

Movant and his two co-conspirators were found aboard the LP Vessel. [*Id.*]. Movant indicated he was a Colombian national, and "master" of the LP Vessel which was not registered in any country. [*Id.*]. Based on Movant's statements, and in accordance with international law, the LP Vessel was treated as a vessel without nationality, and therefore, subject to the jurisdiction of the United States. [*Id.*].

The U.S. Coast Guard boarding team seized a total of thirty-eight bales from aboard the vessel, which field-tested positive for cocaine. [*Id.*]. The thirty-eight bales weighed approximately 1,120 kilograms. [*Id.*].

After transferring Movant, his co-conspirators, and the thirty-bales of cocaine to the *BERTHOLF,* the U.S. Coast Guard sunk the LP Vessel as a hazard to navigation. [*Id.*].

On March 18, 2018, Movant and his co-conspirators first entered the United States at Key West, Florida, in the Southern District of Florida, at which time they were transferred into the custody of United States law enforcement officers. [*Id.*]. At that time, a representative sample of ten kilograms of cocaine was provided to law enforcement. [*Id.*].

3. <u>Change of Plea Proceeding</u>

On May 7, 2018, Movant and his two co-conspirators appeared for a change of plea hearing pursuant to Fed. R. Crim. P. 11. [CR ECF No. 59]. Movant confirmed having received a copy of the Indictment, and that he had reviewed and discussed the charges and the case in general with his attorney. [*Id.*]. Movant stated he was satisfied with counsel's advice and the representation he received. [*Id.*]. He also confirmed discussing the contents of the written Plea Agreement with counsel prior to signing it, affirmed he understood the contents of the Plea Agreement, and denied being made any assurances or promises of any kind that were not set forth in the Plea Agreement

in order to induce him to plead guilty. [*Id.*]. Movant then affirmed he was pleading guilty freely and because he was, in fact, guilty as to Count 1 of the Indictment. [*Id.* at 7].

Movant also agreed that the Government's proffer of facts, as stipulated by the parties, supported the offense of conviction, was correct. [*Id.* at 11-13]. Finally, at the conclusion of the colloquy, when asked how he wished to plead to Count of the Indictment, charging him with conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, Movant responded, "Guilty." [*Id.* at 14].

The Court then found Movant fully competent and capable of entering into an informed plea, that Movant was aware of the nature of the charge and the consequences of the plea, that his plea of guilty was knowing and voluntary, supported by an independent basis in fact, containing each of the essential elements of the offense. [*Id*. at 14-15]. As a result, the court accepted Movant's plea and adjudicated him guilty as charged in Count 1 of the Indictment. [*Id.* at 15].

### B. Pre-Sentence Investigation to Judgment

1. Pre-Sentence Investigation Report ("PSI")

Prior to sentencing, a PSI was prepared which computed Movant's base offense level at 38, pursuant to USSG § 2D1.1(a)(5), (c)(1), because the offense of conviction, involved 450 kilograms or more of cocaine. [PSI ¶ 17]. A two-level increase to the base offense level was added, pursuant to USSG § 2D1.1(b)(3)(C), because Movant acted "as a pilot, copilot, captain, navigator . . . aboard any craft or vessel carrying a controlled substance." [*Id.* at ¶ 18]. Two levels were decreased from the base offense level because Movant met the criteria under USSG § 5C1.2--Limitation on Applicability of Statutory Minimum Sentences in Certain Cases. [*Id.* at ¶ 19]. Three more levels were deducted from the base offense level based on Movant's timely acceptance of responsibility, resulting in a total adjusted offense level thirty-five. [*Id.* at ¶¶25-27].

Next, it was determined Movant had a total of zero criminal history points, resulting in a criminal history category I. [*Id.* at ¶ 30]. Based on a total offense level 35 and a criminal history category I, the advisory guideline range was determined to be 168 to 210 months of imprisonment. [*Id.* at ¶ 52]. Statutorily, Movant faced a minimum of ten years and up to a lifetime term of imprisonment for violation of § 70506(a) and § 960(b)(1)(B). [*Id.* at ¶ 51].

Movant filed no objections to the PSI but argued a downward variance was warranted, pursuant to 18 U.S.C. § 3553(a), from the applicable advisory guideline range down to the statutory minimum mandatory term of 120 months of imprisonment. [CR ECF No. 40].

2. Sentencing

At sentencing, the Court denied Movant's request for a downward variance, finding that a sentence at the low end of the advisory guideline range would provide sufficient deterrence, and imposed a sentence of 168 months followed by five years of supervised release. [CR ECF No. 60] [*Id.*]. Judgment was entered by the Clerk on **July 9, 2018**. [CR ECF 40 at 2-3].

3. Direct Appeal

Movant did not appeal. [CV ECF 30 at 3]. Therefore, his judgment became final on **Monday, July 23, 2018,** fourteen days after the entry when time expired for filing a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i); *see also Adams v. United States,* 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) (*per curiam*).

**C. Motion to Vacate**

Movant filed a timely Motion to Vacate under 28 U.S.C. § 2255 on **February 12, 2019.** [CV ECF No. 1]. In compliance with this Court's Order, Movant filed an Amended Motion [CV ECF No. 30] with supporting Memorandum [CV ECF No. 31] on **July 9, 2019.**

## IV. Standard of Review

### A. Section 2255

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on a final judgment, pursuant to 28 U.S.C. § 2255, are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *see also McKay v. United States,* 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).

Relief under § 2255 is reserved for transgressions of constitutional rights, and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *See United States v. Frady*, 456 U.S. 152, 165 (1982). If a court finds a claim under § 2255 valid, the court shall vacate and set aside the judgment, and discharge the prisoner, grant a new trial, or correct the sentence. *See* 28 U.S.C. § 2255. The burden of proof is on Movant to establish that vacatur of the conviction or sentence is required. *See Beeman v. United States,* 871 F.3d 1215, 1221-1222 (11th Cir. 2017).

### B. Guilty Plea Principles

After a knowing and voluntary guilty plea has been entered, a criminal defendant may not raise claims relating to the alleged deprivation of constitutional rights occurring prior to the entry of the guilty plea, but may only: (1) raise jurisdictional issues, *United States v. Patti,* 337 F.3d 1317, 1320 (11th Cir. 2003); (2) attack the voluntary and knowing character of the guilty plea, *Tollett v. Henderson,* 411 U.S. 258, 267 (1973); *Wilson v. United States,* 962 F.2d 996, 997 (11th Cir. 1992) (*per curiam*); or, (3) challenge the constitutional effectiveness of the assistance he received from his attorney in deciding to plead guilty, *United States v. Fairchild,* 803 F.2d 1121,

1123 (11th Cir. 1986) (*per curiam*). Thus, a voluntary and intelligent plea of guilty, made by an accused person, must stand unless induced by misrepresentations made to the accused person by the court, prosecutor, or his own counsel. *See Brady v. United States,* 397 U.S. 742, 748 (1970).

### C. Ineffective Assistance of Counsel Principles

Regarding claims challenging counsel's effectiveness, the law is well settled that a criminal defendant is entitled to the effective assistance of competent counsel before deciding whether to plead guilty. *See Lee v. United States,* 582 U.S. ___, 137 S. Ct. 1958, 1964 (2017). Where a movant challenges counsel's effectiveness, he must demonstrate that: (1) counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland v. Washington,* 466 U.S. 668, 687, 694 (1984). However, if the movant cannot meet one of *Strickland's* prongs, the court does not need to address the other prong. *See id.* at 697; *see also Brown v. United States,* 720 F.3d 1316 (11th Cir. 2013).

To show deficient performance, a movant must demonstrate that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States,* 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted). In the guilty plea context, to show prejudice, a movant must establish that, but for counsel's deficient performance, "there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59. Prejudice in the sentencing context requires a showing that the sentence would have been less severe. *See Glover v. United States,* 531 U.S. 198, 203-04 (2001).

A movant, however, is not prejudiced by counsel's failure to raise non-meritorious claims. *See Hittson v. GDCP Warden*, 759 F.3d 1210, 1262 (11th Cir. 2014). Courts may not vacate a conviction or sentence solely because the outcome would have been different, but for counsel's error, as it may grant the defendant a windfall to which the law does not entitle him. *See Lockhart*

*v. Fretwell,* 506 U.S. 364, 369-70, (1993); *see also Allen v. Sec'y, Fla. Dep't of Corr.,* 611 F.3d 740, 754 (11th Cir. 2010).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail ... are few and far between." *Chandler v. United States,* 218 F.3d 1305, 1313 (11th Cir. 2000). The *Strickland* test does not require a showing of what the best or good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *See Dingle v. Sec'y for Dep't of Corr.,* 480 F.3d 1092, 1099 (11th Cir. 2007). In retrospect, where a decision by counsel appears to have been unwise, it will have been ineffective only if it was "so patently unreasonable that no competent attorney would have chosen it." *Id.* (citations omitted).

## V. Discussion

### A. Voluntariness of Plea

It bears mentioning at the outset that Plaintiff has clearly stated he is not challenging the voluntariness of his plea. [ECF No. 31 at 7]. As summarized above, even if construed liberally as such a challenge, the change of plea proceedings refutes Movant's allegations here regarding his role in the offense and the quantity of drugs attributable to him. A review of the record confirms that his plea was knowing and voluntary. To be knowing and voluntary: (1) a plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea. *See United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005)(*per curiam*).  Consequently, any purported misadvice by counsel or failure to test the Government's case prior to the change of plea proceeding was waived by Movant's responses to the Court's questions at the change of plea hearing. *See Brady v. United*

*States*, 397 U.S. 742, 748 (1970). As discussed below, Movant is not entitled to relief on his ineffective assistance of counsel claims.

### B. Ineffective Assistance of Counsel Claims

In **claim 1 and related claim 2,** Movant asserts that his attorney was ineffective for numerous specified reasons.

1. Ineffective Assistance Pre-Plea and at Plea

In **claim 1 and related claim 2,** Movant asserts that counsel was ineffective for failing to: (a) file a pre-trial motion to dismiss based on a delay in presentment for his initial appearance; (b) file a motion to suppress the "field test" which came back positive for drugs; and, (c) for allowing him to admit, as part of the negotiated plea agreement, that he was the "master" of the vessel. [CV ECF No. 30 at 6; CV ECF No. 31 at 8].

*(a) Delay in Presentment*

Movant provides no facts to support his conclusory allegation that there was a "delay" in his initial appearance. [CV ECF No. 30 at 6]. The record reveals that he and his two co-conspirators were taken into custody on March 3, 2018 while aboard a vessel on the high seas. [CR ECF No. 1, 3]. They arrived at Key West, Florida on March 18, 2018, where they were arrested and transferred into United States custody. [*Id.*]. Movant's initial appearance was held the following day. [*Id.*]. Movant appears to suggest that the fifteen-day delay from March 3rd to March 18th, 2018 was unreasonable. [CV ECF No. 30]. He suggests counsel was ineffective for failing to pursue this claim prior to the change of plea. [*Id.*].

It is well settled that "a valid guilty plea . . . renders irrelevant--and thereby prevents [a] a defendant from appealing--the constitutionality of case-related government conduct that takes place before the plea is entered." *See United States v. Castillo,* 899 F.3d 1208, 1214-15 (11th Cir.

2018) (quoting *Class v. United States*, 583 U.S. ___, 138 S. Ct. 798, 805 (2018)). Because Movant does not challenge the voluntariness of his plea, he has waived this claim. *See id.* at 1214.

Even if, as suggested, counsel had attempted to argue that Movant's Fourth Amendment rights were violated, Movant would be not be entitled to relief because the Fourth Amendment does not apply to searches and seizures of a non-citizen/alien, like Movant, who is arrested in international waters or a foreign country. *See United States v. Cabezas-Montano,* 949 F.3d 567, 593-94 (11th Cir. 2020) (citations omitted).

To the extent Movant claims the delay in his initial appearance violated Federal Rule Criminal Procedure 5(a), he is also not entitled to relief. Pursuant to Fed. R. Crim. P. 5(a)(1)(B), "a person making an arrest outside the United States must take the defendant ***without unnecessary delay*** before a magistrate judge, unless a statute provides otherwise." Fed. R. Crim. P. 5(a)(1)(B) (emphasis added). The rule is to "prevent oppressive police interrogations and other 'third-degree' tactics before bringing the accused in front of an officer of the court; the remedy was the exclusion of evidence which was gained during the delay by the use of such tactics." *Cabezas-Montano,* 949 F.3d at 591 (quoting *Mallory v. United States,* 354 U.S. 449, 451-54 (1957)).

Courts are to consider various factors when determining whether a delay was unnecessary, including: "(1) the distance between the location of the defendant's arrest in international waters and the U.S. port he was brought to; (2) the time between the defendant's arrival at the U.S. port and the presentment to the magistrate judge; (3) any evidence of mistreatment or improper interrogation during the delay; and (4) any reason for the delay, like exigent circumstances or emergencies." *Id.* (citing *United States v. Purvis,* 768 F.2d 1237, 1238-39 (11th Cir. 1985) (*per curiam*)).

In *Cabezas-Montano,* "the distance between the arrest location outside the United States and Key West was quite lengthy;" but, there was no claim the defendant was mistreated or improperly interrogated during transit; and, upon arrival at Key West on December 12, the defendant was presented immediately to the magistrate judge on December 13. *Id.* at 591-92. The Court of Appeals noted that the defendant had been unable to cite to any controlling precedent that the forty-nine-day delay, following "interdiction on the high seas, 200 miles off the coast of Guatemala/El Salvador "constitutes 'unnecessary delay' under Rule 5(a)." *Id.* at 592.

Movant has not demonstrated that the delay between his search and seizure on the high seas and his presentment before a magistrate judge fifteen days later was unreasonable. *See Castillo,* 899 F.3d at 1217-18 (Martin, J., concurring) (discussing Fed. R. Crim. P. 5(a)(1)(B) and determining that a nineteen day delay was reasonable where defendant was arrested off the Pacific coast of Guatemala, approximately 1,000 miles from the port of Miami); *see also Purvis,* 768 F.3d at 1239 (holding that a five-day delay was reasonable for defendants arrested on the high seas approximately 200 miles from the United States); *Cabeza-Montano,* 949 F.3d at 592 (no plain error demonstrated from forty-nine-day delay between arrest and presentment). Under these circumstances, Movant has not demonstrated deficiency or prejudice under *Strickland*.

### (b) Failure to Challenge Field Test of Drugs

Movant claims counsel was ineffective in failing to challenge the results of the field test, which he claims were inaccurate as to the nature and quantity of drugs. [CV ECF No. 30 at 5; CV ECF No. 31 at 5-7].

Movant has not demonstrated that the drugs were not cocaine or weighed less than the stipulated amount. In fact, in response to the Court's standing discovery order, a Drug Enforcement Administration laboratory report confirmed that ten units of the seized drugs were sampled, and

tested positive for cocaine. [CR ECF No. 34]. Movant executed a stipulated Factual Proffer, which was read into the record by the government at the change of plea hearing, agreeing that the vessel contained approximately 1,120 kilograms of cocaine. [CR ECF Nos. 26, 59 at 11-14]. And, in the written, negotiated Plea Agreement, Movant agreed to be held accountable for that quantity. [CR ECF No. 25 at 4 at ¶8]. His co-conspirators also executed stipulated Factual Proffers admitting that there were thirty-eight bales of cocaine weighing 1,120 kilograms. [CR ECF Nos. 27, 30].

Movant has not demonstrated that challenging the quantity of drugs or conducting further independent testing would have resulted in a finding that the total amount of cocaine seized aboard the vessel was less than the 450-kilogram amount which guided Movant's initial base offense level. Thus, Movant has not shown deficiency or prejudice under *Strickland* arising from counsel's failure to pursue this nonmeritorious claim.

### *(c) Status as Master of Vessel*

Movant faults counsel for failing to file a pre-trial motion to suppress or challenge the finding that he was the captain or master of the seized vessel. [CV ECF No. 30 at 5-6].

Movant stipulated that when law enforcement boarded the vessel, he identified himself as a Colombian national and "master" of the vessel, further stating that the vessel had no nationality. [CR ECF No. 26 at 2]. Movant's co-conspirators also stipulated that Movant advised coast guard officials that he was the "master" of the vessel. [CR ECF Nos. 27, 30].

Given the foregoing, Movant cannot demonstrate deficiency or prejudice arising from counsel's failure to challenge Movant's representations while aboard the vessel prior to his change of plea. Further, Movant waived pursuit of any defenses when he entered into a knowing and voluntary plea. In any event, even if counsel had filed a suppression motion on the basis alleged,

Movant has not established that his statements would have been suppressed. Thus, Movant cannot prevail on this claim.

2. Ineffective Assistance at Sentencing

In **claim 1**, Movant also asserts counsel failed to object to the quantity of drugs attributable to him at sentencing. [CV ECF No. 30 at 5, CV ECF No. 31 at 5]. He further suggests that counsel should have argued that the quantity of drugs should have been apportioned evenly among the three defendants, thereby reducing their total drug quantity exposure. [*Id.*].

It is well established that "relevant conduct includes the defendant's own acts in perpetration of the offense and, 'in the case of a jointly undertaken criminal activity,' 'all reasonable foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity.'" *United States v. Otero-Pomares,* 803 F. App'x 251, 265 (11th Cir. 2020) (quoting USSG 1B1.3(a)(1) (2014)). "[I]n controlled-substance cases, a defendant is accountable under subsection (a)(1)(A) for all drug quantities with which he was directly involved, and, under subsection (a)(1)(B) for all drug quantities involved in transactions carried out by other co-conspirators so long as 'those transactions were within the scope of, and in furtherance of, the jointly undertaken criminal activity and were reasonably foreseeable in connection with that criminal activity.'" *Id.* (quoting USSG § 1B1.3, cmt. n.3(D) (2015)).

Movant and his co-conspirators stipulated that they were each accountable for the entire load seized from aboard the vessel and were properly held accountable under USSG § 1B1.3 for the entire load. Therefore, Movant cannot satisfy the *Strickland* standard and is not entitled to relief on this claim.

### C. Claim Raised in Reply

In his Reply, Movant suggests for the first time that his attorney was ineffective for failing to seek a hearing or otherwise require the Government to file a motion for reduction in sentence based on his cooperation. [CV ECF No. 36 at 2, 3-4].

1. Claim Improperly Raised

Movant cannot raise new arguments in a reply. *See* Rules Governing Habeas Corpus Cases Under Section 2255, R. 2(b)(1) ("The petition must ... specify all the grounds for relief available to the moving party. . ."). Also, S.D. Fla. L.R. 7.1(c)(1) limits a reply memorandum to only rebuttal of matters in the response without re-argument of matters covered in Movant's initial habeas petition. A reply memorandum may not raise new arguments or evidence, particularly where the evidence was available when the underlying petition was filed, and Movant was aware (or should have been aware) of the necessity of the evidence. *See, e.g., Herring v. Sec'y, Dep't of Corr.,* 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.") (internal quotations omitted).

Thus, Movant has waived pursuit of a claim arising from counsel's failure to ensure the government filed a motion for downward departure based on his cooperation. *See Foley v. Wells Fargo Bank, N.A.,* No. 11-62314-CIV, 849 F. Supp. 2d 1345 (S.D. Fla. 2012); *see also TCC Air Servs., Inc. v. Schlesinger,* No. 05–80543–CIV, 2009 WL 565516, at *7 (S.D. Fla. Mar. 5, 2009); *Cacoperdo v. Demosthenes,* 37 F.3d 504, 507 (9th Cir. 1994).

Moreover, construing this argument as an amendment would also be inappropriate because Respondent has already served its answer. *See* Fed. R. Civ. P. 15(a) (a party is permitted to amend a pleading once as a matter of course at any time before a responsive pleading is served or, otherwise, only by leave of court or by written consent of the adverse party); *see also* R. 12, Rules

Governing Section 2255 Proceedings (district court may apply the Federal Rules of Civil Procedure consistent with the Rules Governing Section 2255 Proceedings).

2. Claim Fails on Merits

To the extent the Court chooses to consider this ineffective claim, Movant is not entitled to relief on the merits.

"Pursuant to Rule 35(b), '[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.'" *United States v. McNeese,* 547 F.3d 1307, 1308 (11th Cir. 2008) (*per curiam*) (alteration in original) (quoting Fed. R. Crim. P. 35(b)(1)). "The Supreme Court has held that this statute gives the government "'a power, not a duty, to file a motion when a defendant has substantially assisted.'" *Id.* (quoting *Wade v. United States,* 504 U.S. 181, 185 (1992)).

Federal courts have authority to review the Government's refusal to file a substantial assistance motion if (1) the refusal constitutes a breach of the plea agreement, or (2) if it is based on an unconstitutional motive, such as the defendant's race or religion. *See United States v. Paredes,* 796 F. App'x 580, 581-82 (11th Cir. 2019) (*per curiam*) (finding district court did not err in denying defendant's motion to compel government to file motion for sentence reduction) (citing *United States v. Gonsalves,* 121 F.3d 1416, 1419 (11th Cir. 1997)).

"The only possible exceptions to this limitation on judicial authority are when a plea agreement unequivocally requires the government to file a substantial-assistance motion, or where an oral promise to do so induces a defendant to plead guilty." *United States v. Graham*, 517 F. App'x 882, 884 (11th Cir. 2013) (citation omitted); *see also Santobello v. New York,* 404 U.S. 257, 262 (1971) ("[W]hen a plea rests in any significant degree on a promise or agreement of the

prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled").

As applied, there is nothing of record indicating that the Government made a written or oral representation that it would file or consider filing a Rule 35(b) motion. Further, Movant has not alleged that the Government's refusal to do so was premised upon an unconstitutional motive, such as his race or religion.. *See United States v. Weeks,* 295 F. App'x 942, 946-47 (11th Cir. 2008) (*per curiam*). Therefore, Movant has not demonstrated deficiency or prejudice under *Strickland* arising from counsel's failure to pursue this non-meritorious claim.

## VI. Cautionary Instruction Re Clisby Rule

The Undersigned is mindful of the *Clisby*[1] rule that requires district courts to address and resolve all claims raised in habeas corpus proceedings, regardless of whether relief is granted or denied. *See Rhode v. United States,* 583 F.3d 1289, 1291 (11th Cir. 2009) (holding that *Clisby* applies to § 2255 proceedings). However, nothing in *Clisby* requires consideration of claims or arguments raised for the first time in objections. Therefore, if Movant attempts to raise arguments or further factual support for his claims in objections, the Court should exercise its broad discretion and refuse to consider the arguments not raised before the magistrate judge in the first instance. *See Williams v. McNeil,* 557 F.3d 1287, 1291 (11th Cir. 2009) (citing *Stephens v. Tolbert,* 471 F.3d 1173, 1175 (11th Cir. 2006) (finding no abuse of discretion by the district court in declining to consider timeliness argument that was not presented to the magistrate judge)).

## VII. Evidentiary Hearing

Movant is also not entitled to an evidentiary hearing on the claims raised in this proceeding, having failed to demonstrate that his allegations, if proved, would establish his right to collateral

---

[1] *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992).

relief. *See Schriro v. Landrigan,* 550 U.S. 465, 473-75 (2007); *see also Holmes v. United States,* 876 F.2d 1545, 1553 (11th Cir. 1989).

## VIII. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his § 2255 to vacate has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell,* 556 U.S. 180, 183 (2009) (citing *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000); *Wilkinson v. Dotson,* 544 U.S. 74, 78-83 (2005)). This Court should issue a COA only if Movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a court has rejected a movant's constitutional claims on the merits, a movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack,* 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, Movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

For the reasons stated in this Report, the Court should deny a certificate of appealability. Notwithstanding, if Movant does not agree, he may bring this argument to the attention of the Chief District Judge in objections to this Report.

## IX. Conclusions and Recommendations

Based on the foregoing, it is recommended that:

1. the Amended Motion to Vacate be DENIED on the merits;

2. judgment be entered in favor of Respondent;

3. no certificate of appealability issue; and,

4. the case CLOSED.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

Signed this 3rd day of May, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Leimer Perez Castro, *Pro Se*
Reg. No. 17348-104
F.C.I. - Fort Dix
Inmate Mail/Parcels
Post Office Box 2000
Joint Base MDL, NJ 08640

Yvonne Rodriguez-Schack, AUSA
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
Email: Yvonne.Rodriguez-Schack@usdoj.gov